924 P.2d 1224

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Steven K. ROSS, Defendant–Appellant.**

No. 22425.

Supreme Court of Idaho,
Boise, September 1996 Term.

Sept. 26, 1996.

Rehearing Denied Nov. 6, 1996.

William J. Fitzgerald, Lewiston, for defendant–appellant.

Alan G. Lance, Attorney General; Thomas P. Watkins, Deputy Attorney General, Boise, for plaintiff–respondent.

PER CURIAM.

This is an appeal from a conditional plea of guilty and from the resulting judgment of conviction and sentences for the offenses of delivery of a controlled substance (I.C. § 37–2732(a)(1)(A)), money laundering (I.C. § 18–8201), and failure to pay income tax (I.C. § 63–3022).

Ross raises the following issues on appeal:

1. Were his convictions for delivery of a controlled substance and for money laundering barred by the doctrine of double jeopardy due to the prior civil forfeiture of his property in actions brought under I.C. § 37–2744?

2. Were his sentences unreasonable in light of the facts and circumstances of the case and his criminal record?

3. Were his sentences a violation of the excessive fines provision of the Eighth Amendment to the U.S. Constitution?

We note initially that Ross did not enter his conditional plea in writing, as required by I.C.R. 11(a)(2), although the trial court noted that the plea was a conditional plea at the time it was offered. For the purpose of this opinion, we assume, but do not decide, that this was sufficient to preserve the issue of double jeopardy.

 After a review of the briefs and record on appeal, the Court concludes as follows:

1. With regard to Ross's Fifth Amendment claim of double jeopardy, the United States Supreme Court recently determined that civil forfeitures in general, and specifically in cases involving money laundering and drug statutes, do not constitute "punishment" for purposes of the Double Jeopardy Clause. *United States v. Ursery,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). Therefore, there was no double jeopardy under the Fifth Amendment.

2. Ross did not differentiate his argument under the Double Jeopardy Clause of the Fifth Amendment from his double jeopardy argument under Article 1, § 13 of the Idaho Constitution. Because Ross did not seek a greater scope of protection under the state constitution than he did under the Fifth Amendment, we will not consider Ross's state constitutional claim. *State v. Wheaton,* 121 Idaho 404, 406–07, 825 P.2d 501, 503–04 (1992).

3. Ross did not raise the excessive fines argument before the district court, and, therefore, did not preserve this issue for appeal. *See Idaho Dep't of Law Enforcement v. Free,* 126 Idaho 422, 885 P.2d 381 (1994). Therefore, we will not address this issue because an excessive fine would not constitute fundamental error. *State v. Sarabia,* 125 Idaho 815, 818–19, 875 P.2d 227, 230–31 (1994).

4. Ross's sentences were not unreasonable. The trial court imposed the following sentences on Ross: (1) delivery of a controlled substance: a $25,000 fine and a thirty-year prison term with fifteen years fixed; (2) money laundering: a $25,000 fine and a ten-year prison term with five years fixed; (3) failure to pay income taxes: a $5,000 fine and a five-year prison term with two years fixed. The prison terms all run concurrently.

Using the fixed term of fifteen years as the term of confinement for the purposes of appellate review, we must determine whether, without substituting our view for that of the trial court where reasonable minds might differ, the sentences were excessive under any reasonable view of the facts. In making this determination we consider: (1) the protection of society, (2) deterrence of Ross and others, (3) the possibility of Ross's rehabilitation, and (4) punishment or retribution for Ross. *Sarabia,* 125 Idaho at 819, 875 P.2d at 231.

We conclude that reasonable minds might differ whether fifteen years, or some lesser fixed terms, is necessary to fulfill the objectives of sentencing. Therefore, we conclude that Ross's sentence is not unreasonable.

We affirm the judgment of conviction and sentences.