930 P.2d 1357

**Michael Ray BLEWETT, Petitioner–Appellant,**

v.

**Joe KLAUSER and Alan G. Lance, Respondents.**

No. 22595.

Supreme Court of Idaho,
Boise, November 1996 Term.

Jan. 30, 1997.

---

Michael Ray Blewett, pro se appellant.

Alan G. Lance, Attorney General, Boise; Thomas P. Watkins, Deputy Attorney General, Meridian, for respondents.

PER CURIAM.

This is an appeal from a decision of the magistrate division of the district court, dismissing appellant Michael Blewett's (Blewett) application for a writ of *habeas corpus.*

We affirm the decision of the magistrate judge.

On May 11, 1995, Blewett filed an application for a writ of *habeas corpus* (application). Blewett's application alleged that on or about July 15, 1993, Blewett was arrested and charged with trafficking in methamphetamine, I.C. Section 37–2732(a). Blewett alleged that at the time of his arrest $3,366 was seized from Blewett and that an *in rem* action for forfeiture was filed against Blewett pursuant to I.C. Section 37–2744. Blewett contends that the *in rem* action against him was properly served, that Blewett did not file an answer, and that a default judgment was entered against Blewett for $3,366. Blewett did not appeal the judgment of default.

Blewett's application alleged that Blewett subsequently entered a plea of guilty to the charge against him that he and was sentenced to twenty years with the first seven years being fixed and a fine of ten thousand dollars.

Blewett argued in his application that Blewett was subjected to multiple punishments for the same offense in separate proceedings and requested the magistrate judge order the immediate release of Blewett.

On May 30, 1995, the magistrate judge dismissed Blewett's application finding that "[t]he facts alleged by petitioner do not constitute double jeopardy and do not support his allegation that his rights under the Fifth and Fourteenth Amendments to the Constitution of the U.S. were violated." Blewett appealed to the district court. The district court affirmed the magistrate judge's decision dismissing Blewett's application. Blewett appealed to the Idaho Supreme Court.

In *State v. Ross,* 129 Idaho 380, 924 P.2d 1224 (1996), this Court considered whether a defendant's conviction for delivery of a controlled substance and for money laundering was barred by the doctrine of double jeopardy due to a prior civil forfeiture of property pursuant to I.C. Section 37–2744. We concluded in *Ross* that

[w]ith regard to Ross's Fifth Amendment claim of double jeopardy, the United States Supreme Court recently determined that civil forfeitures in general, and specifi-

cally in cases involving money laundering and drug statutes, do not constitute "punishment" for purposes of the Double Jeopardy Clause. Therefore, there was no double jeopardy under the Fifth Amendment.

*Ross,* 129 Idaho at 381, 924 P.2d at 1225.

The facts alleged by Blewett do not constitute double jeopardy under the United States Constitution. Blewett raises for the first time on appeal whether Blewett's application alleged facts constituting double jeopardy under Idaho's Constitution. We will not address this issue since Blewett failed to preserve this issue for appeal. *See Ross,* 129 Idaho at 381, 924 P.2d at 1225. The decision of the magistrate judge is affirmed.