931 P.2d 1211

**STATE of Idaho, Petitioner–Respondent,**

v.

**David SHARPE, Defendant–Appellant.**

**No. 22181.**

Supreme Court of Idaho,
Boise, November 1996 Term.

Jan. 30, 1997.

Van G. Bishop, Nampa, Canyon County Public Defender, for defendant–appellant.

Alan G. Lance, Attorney General, Boise; Thomas P. Watkins, Deputy Attorney General, Meridian, for petitioner–respondent.

PER CURIAM.

This is an appeal from a judgment of conviction on a plea of guilty to two counts of the offense of delivering a controlled substance under I.C. § 37–2732(a)(1)(A).

On October 24, 1994, and October 27, 1994, Sharpe was charged by indictment with three counts of the offense of delivering a controlled substance under I.C. § 37–2732(a)(1)(A). Sharpe filed a motion to dismiss both indictments against him on the grounds that the State had previously brought a separate proceeding against Sharpe for civil forfeiture of property for the same alleged criminal acts. Sharpe argued that the separate prosecution for civil forfeiture in conjunction with the indictments in the present case, constituted double jeopardy barred by Idaho's Constitution, article I, section 13 and the Fifth Amendment of the Constitution of the United States. The district court denied Sharpe's motion to dismiss.

Sharpe subsequently entered into a written conditional plea of guilty agreement under I.C.R. 11(a)(2) and 11(d)(1)(B). Under the conditional plea agreement Sharpe plead guilty to the charge of two counts of delivery of a controlled substance. The conditional plea agreement reserved Sharpe's right to appeal from the district court's decision denying Sharpe's motion to dismiss.

The district court sentenced Sharpe to the Idaho State Board of Correction for a fixed period of two years followed by an indeterminate period not to exceed five years for a total aggregate period of seven years, each count to run concurrently.

Sharpe appealed the district court's order denying Sharpe's motion to dismiss to the Idaho Supreme Court.

In *State v. Ross,* 129 Idaho 380, 924 P.2d 1224 (1996), this Court considered whether a defendant's conviction for delivery of a controlled substance and for money laundering was barred by the doctrine of double jeopar-

dy due to a prior civil forfeiture of property pursuant to I.C. § 37–2744. We concluded in *Ross* that

> [w]ith regard to Ross's Fifth Amendment claim of double jeopardy, the United States Supreme Court recently determined that civil forfeitures in general, and specifically in cases involving money laundering and drug statutes, do not constitute "punishment" for purposes of the Double Jeopardy Clause. Therefore, there was no double jeopardy under the Fifth Amendment.

*Ross*, 129 Idaho at 381, 924 P.2d at 1225.

The facts alleged by Sharpe do not constitute double jeopardy under the Fifth Amendment of the United States Constitution.

Sharpe's motion to dismiss also alleged that the facts in this case constitute double jeopardy under article 1, section 13 of Idaho's Constitution. We do not address this issue since Sharpe provided no argument or authority to support a broader protection under the Idaho Constitution. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding issues on appeal not supported by propositions of law, authority, or argument will not be considered).

The judgment of conviction is affirmed.