103 P.3d 437

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jill Marie OSWEILER, Defendant–Appellant.**

**No. 29540.**

Supreme Court of Idaho,
Boise, November 2004 Term.

Nov. 30, 2004.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant, argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

EISMANN, Justice.

This is an appeal from convictions, in one prosecution, of the crimes of trafficking in methamphetamine by manufacturing it and of manufacturing methamphetamine on premises where a child was present. The defendant contends that both convictions, which were based upon the same conduct of manufacturing methamphetamine, violate the Double Jeopardy Clause of the United States Constitution. We hold that they do not, and affirm the district court.

## I. FACTS AND PROCEDURAL HISTORY

On July 24, 2002, police went to the house in which the defendant-appellant Jill Osweiler (Osweiler) was renting a room to investigate an aggravated assault involving the lessee of the house, Melissa Mackie, and her boyfriend. Using information obtained while investigating the aggravated assault, the police obtained a search warrant for the house and a backyard shed. Based upon evidence found during the execution of the search warrant, the State charged Osweiler with trafficking in methamphetamine by manufacturing it and with manufacturing methamphetamine upon premises where a minor child was present.

Osweiler pled not guilty to the charges, and the matter was tried to a jury in December 2002. The jury found her guilty of both counts. The district court sentenced Osweiler on the trafficking charge to ten years in the custody of the Idaho Board of Correction, with five years fixed and the remaining five years indeterminate. It sentenced her on the count of manufacturing methamphetamine in the presence of a child to an indeterminate three years in the custody of the Idaho Board of Correction and ordered that such sentence run consecutively to the sentence on the trafficking charge. Osweiler then timely appealed.

## II. ANALYSIS

■ The sole issue on this appeal is whether Osweiler's convictions for both trafficking in methamphetamine by manufacturing it and manufacturing it on premises where a child was present violate the Double Jeopardy Clause of the United States Constitution.

■ The Double Jeopardy Clause of the United States Constitution protects against a second prosecution for the same offense after

acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Osweiler contends that her two convictions violate the prohibition upon multiple punishments for the same offense. She relies upon the opinion of the United States Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). 

Based upon one sale of a controlled substance, Blockburger was convicted of two violations of federal law (selling a drug not in or from the original stamped package and selling a drug not pursuant to a written order of the purchaser). He appealed, contending that both of those charges constituted only one offense, for which he could only be punished once. When addressing the issue, the Supreme Court stated, "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. The Court then held that since both offenses required proof of an additional fact that the other did not, two offenses were committed.

Osweiler argues that under the test announced in *Blockburger,* both of the crimes of which she was convicted constitute one offense. She was convicted of violating Idaho Code § 37–2732B(a)(3), which provides, "Any person who knowingly manufactures . . . methamphetamine and/or amphetamine is guilty of a felony which shall be known as 'trafficking in methamphetamine and/or amphetamine by manufacturing.' " She was also convicted of violating Idaho Code § 37–2737A, which makes it illegal to "manufacture . . . a controlled substance as defined in schedules I, II, III and IV in this chapter, upon the same premises where a child under the age of eighteen (18) years is present." Methamphetamine is a schedule II controlled substance. Idaho Code § 37–2707(d)(2). Under the *Blockburger* test, the two crimes of which Osweiler was convicted would constitute one offense because a conviction for manufacturing methamphetamine does not require proof of an additional fact not required for a conviction of manufacturing methamphetamine upon the same premises where a child is present.

██ The *Blockburger* test is not determinative, however, in this circumstance where both convictions occurred in one prosecution. As the United States Supreme Court explained in *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983), "With respect to cumulative sentences in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." "[S]imply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes." 459 U.S. at 368, 103 S.Ct. at 679, 74 L.Ed.2d at 543. "Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." 459 U.S. at 368–69, 103 S.Ct. at 679, 74 L.Ed.2d at 544.

Likewise, in *Ohio v. Johnson,* 467 U.S. 493, 499, 104 S.Ct. 2536, 2540–2541, 81 L.Ed.2d 425, 433 (1984), the United States Supreme Court explained:

In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardy—protection against cumulative punishments—is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are "multiple" is essentially one of legislative intent.

"Even if the crimes are the same under *Blockburger*, if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end." *Id.* at 500 n. 8, 104 S.Ct. at 2541 n. 8, 81 L.Ed.2d at 433 n. 8.

Thus, the question is whether the Idaho legislature authorized cumulative punishment for the two crimes of which Osweiler was convicted. It clearly has. Idaho Code § 37–2737A makes it illegal to manufacture a controlled substance, such as methamphetamine, upon the same premises where a child is present. Subsection (3) of that statute provides, "Any fine imposed under the provisions of this section shall be in addition to the fine imposed for any other offense, and any term of imprisonment shall be consecutive to any term imposed for any other offense, regardless of whether the violation of the provisions of this section and any of the other offenses have arisen from the same act or transaction." The punishment imposed for violating Idaho Code § 37–2737A is intended by the legislature to be in addition to the punishment for any other crime that arises from the same act or transaction.

Osweiler contends that *Missouri v. Hunter* is distinguishable because it dealt with cumulative punishments for what would be one offense under the *Blockburger* test, not multiple convictions. She states that she is challenging being convicted of two crimes that constitute one offense under the *Blockburger* test, not being punished for two such crimes. In *Missouri v. Hunter*, the defendant was convicted of "armed criminal action," for committing a felony while using a dangerous or deadly weapon, and of first-degree robbery. The robbery charge was the felony upon which the conviction for armed criminal action was based. The United States Supreme Court upheld his multiple punishments. A defendant cannot be punished for a crime unless he or she is first convicted of it. If the Double Jeopardy Clause of the Federal Constitution permits multiple punishments under the test set forth in *Missouri v. Hunter*, then it likewise permits the multiple convictions upon which those punishments are based. *See Ball v. United States*, 470 U.S. 856, 861, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740, 746 (1985) ("For purposes of

applying the Blockburger test in this setting as a means of ascertaining congressional intent, 'punishment' must be the equivalent of a criminal conviction and not simply the imposition of sentence").

Although Osweiler asserted that her two convictions also violated the double jeopardy provision in Article I, § 13, of the Idaho Constitution, she did not present any argument that such provision grants greater protection than does the Double Jeopardy Clause of the United States Constitution. We will therefore not consider that issue on appeal. *State v. Sharpe*, 129 Idaho 693, 931 P.2d 1211 (1997).

## III. CONCLUSION

The judgment of the district court is affirmed.

Justices TROUT, KIDWELL, BURDICK and Justice Pro Tem WOODLAND concur.