139 P.3d 777

STATE of Idaho, Plaintiff–Respondent,

v.

Abdul Aziz HUSSAIN, Defendant–Appellant.

No. 32046.

Court of Appeals of Idaho.

June 19, 2006.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Courtney E. Beebe, Deputy Attorney General, Boise, for respondent.

WALTERS, Judge Pro Tem.

Abdul Aziz Hussain was indicted and convicted after a jury trial of two counts of sexual abuse of a child under the age of sixteen. On appeal, he argues that, because the district court erred in denying his motion to treat the crimes as a single offense, he has been twice put in jeopardy for the same conduct. We affirm.

## I.

### BACKGROUND

Hussain was charged by indictment with sexual abuse of an eleven-year-old girl, H.A., by having sexual contact with her by manually touching her body, I.C. § 18–1506(1)(b), and by soliciting her to participate in a sexual act by asking her to manually touch his penis, I.C. § 18–1506(1)(a). The evidence at trial showed that the events took place on the same evening when Hussain had entered the girl's bed where she had gone to sleep as a guest in Hussain's home. With regard to the first count, the state presented evidence that Hussain had placed his hands under the girl's shirt and began to rub her stomach and back. She testified that she felt his penis against her. With respect to the second count, the testimony showed that Hussain stopped rubbing the girl and talked to her about how another girl had held "his private spot." He repeatedly asked H.A. "Do you want to hold my private spot too?" Hussain took the girl's hand and placed it on his thigh under his pants. She removed her hand and left the bed for the bathroom. When she came back, H.A. told Hussain to go sleep with his wife. Hussain told H.A. not to tell anybody and left the room, but returned when H.A. was sleeping, got back into bed with her and fell asleep. The jury found Hussain guilty of both counts.

## II.

### ISSUE

Hussain contends that he was twice put in jeopardy for the same offense when he was convicted of two separate counts of sexual abuse of a child based on a single, uninterrupted course of conduct. He asks that one of the two convictions be set aside.

## III.

### STANDARD OF REVIEW

Whether the state complies with the constitutional protection against being placed twice in jeopardy is a question of law subject to free review. *State v. Santana,* 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct.App.2000).

## IV.

### ANALYSIS

Hussain did not challenge the multiplicity of the charges against him until after the jury's verdict. At sentencing, he moved the district court to order a merger of the offenses so that he would stand convicted of only one offense. The district court determined that, under I.C.R. 12(b), the motion was likely untimely because the motion was not raised prior to trial. Nevertheless, the district court decided it would not grant Hussain's motion because Hussain was charged separately with acts that were specifically alleged as "two distinct acts," one in violation of the statutory proscription against solicitation to participate in sexual activity, I.C. § 18–1506(1)(a), and the other, the actual touching in the commission of manual sexual abuse, I.C. § 18–1506(1)(b). The district court noted that the evidence that was presented to the jury also showed two separate and distinct acts: "One was the solicitation; the other, the actual touching."

Although Hussain failed to present his double jeopardy argument to the district

court and instead raises it for the first time on appeal under the principle of fundamental error, his argument is not persuasive. For the purpose of determining double jeopardy, the United States Supreme Court established the basic test to determine if a defendant's chargeable offenses are singular or plural in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The "test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. at 180, 76 L.Ed. at 309; *see also United States v. Costa,* 947 F.2d 919, 926 (11th Cir. 1991) ("In order to avoid multiplicity, only one fact or element need be different between each charge.").

Applying the *Blockburger* test, the issue then is whether Hussain was placed in double jeopardy when the state charged him with two counts of sexual abuse under I.C. §§ 18–15061(a) and (b). Under this legal analysis, Hussain was not placed in double jeopardy. The legislature proscribed two different kinds of sexual abuse conduct in the two code sections and each contemplates proof of completely different elements—one requires physical touching; and the other, the solicitation to participate in sexual activity.

Section 18–1506(1)(b) states that a person commits sexual abuse if he or she "cause[s] or [has] sexual contact with such minor child." This requires proof of the element that the person had "physical contact" with the child. I.C. § 18–1506(3). Count I of the indictment alleged that Hussain committed sexual abuse of a child under the age of sixteen, by "manually touching [H.A.] on or about her body with the intent to gratify the sexual desire of [Hussain] and/or [H.A.]." The state proved this element with H.A.'s testimony that Hussain rubbed her stomach and back underneath her clothes, that Hussain placed her hand in his underpants and on his thigh and that Hussain rubbed his erect penis against H.A.

Section 18–1506(1)(a) requires proof of a different element—solicitation. This section provides a person commits sexual abuse when he or she "solicit[s] a minor child under the age of sixteen (16) years to participate in

a sexual act." This section requires proof that the person made a "written, verbal, or physical act . . . intended to communicate to such minor child the desire of the actor . . . to participate in a sexual act or participate in sexual foreplay." I.C. § 18–1506(2). Count II of the indictment alleged that Hussain committed sexual abuse of a child under the age of sixteen when he did "solicit [H.A.] . . . to participate in a sexual act by asking [H.A.] to manually touch his penis, with the intent to gratify the sexual desire of [Hussain] and/or [H.A.]." The state proved this crime by H.A.'s testimony that Hussain asked her, "Do you want to touch my private spot?" while telling her that some other girl had engaged in similar activity with him.

Consistent with the separate treatment of Hussain's conduct, the jury was instructed that each count was a separate and distinct offense and that they "must decide each count separately on the evidence and the law that applies to it, uninfluenced by your decision as to any other count. [Hussain] may be found guilty or not guilty on any or all of the offenses charged." The jury instructions also instructed the jurors individually as to the facts and elements the state needed to prove on each count, and defined "solicit" and "sexual conduct" individually just as the statute does. *See* I.C. § 18–1506(2) and (3). Lastly, the jury verdict form required two distinct and separate verdicts.

"Solicitation" is not an element of the "sexual contact" subsection, I.C. § 18–1506(1)(b), nor is "sexual contact" an element of the "solicitation" subsection, I.C. § 18–1506(1)(a). The subsections require proof of different elements and describe different crimes. Under the *Blockburger* legal analysis, Hussain was not placed in double jeopardy.

Hussain suggests that this Court should determine whether his crimes were part of one continuing event or transaction. However, such a factual inquiry is only necessary if the Double Jeopardy Clause is implicated under the legal analysis of *Blockburger.* As determined above, the charges in this case required proof of different elements and therefore Hussain could not have been placed in double jeopardy under the *Blockburger* test. Therefore, a factual analysis of wheth-

er Hussain's crimes constituted a continuum of a single course of criminal conduct is unnecessary. *See State v. Bush,* 131 Idaho 22, 33–34, 951 P.2d 1249, 1260–61 (1997).

## V.

## CONCLUSION

The district court did not err in denying Hussain's motion for merger. Because the charges against Hussain and the evidence at trial established two separate and distinct offenses under the sexual abuse statutes, Hussain was not placed in jeopardy twice for the same offense. The judgments of conviction are affirmed.

Judge LANSING and Judge GUTIERREZ, concur.