181 P.3d 538

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael E. BRYAN, Defendant–Appellant.**

**No. 34315.**

Court of Appeals of Idaho.

March 25, 2008.

James C. Meservy of Fredericksen, Williams, Meservy & Lothspeich, LLP, Jerome, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Thomas Tharp, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Michael E. Bryan appeals from the district court's decision affirming his judgments of conviction and sentences for three misdemeanor violations of operating a commercial vehicle in excess of allowable weight limits. Specifically, Bryan contends that the state violated his right against double jeopardy by subjecting him to multiple criminal punishments for the same offense. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Bryan was hauling cattle in his tractor-trailer, and he stopped at a port of entry for a weigh-in. The scale at the port of entry was approximately ten feet long, and all axles of an entire tractor-trailer cannot fit on the scale at one time. Thus, the inspectors at the port of entry weigh tractor-trailers with less than all axles on the scale at one time. Bryan's tractor-trailer had five axles, three on the tractor and two on the trailer. The tractor had a steering axle and two consecutive tandem drive axles. The trailer had adjustable split axles, which were ten feet apart from each other. When Bryan stopped at the port of entry, the inspectors took four separate weight measurements of Bryan's tractor-trailer. The inspectors first weighed the steering axle. The inspectors then weighed the two consecutive tandem drive axles together. Finally, the inspectors weighed the two axles on the trailer separately. The inspectors calculated the sum of the four measurements and determined that Bryan's tractor-trailer had a gross weight of 95,900 pounds, which was significantly greater than the gross weight of 84,000 pounds at which Bryan had registered the vehicle. Bryan was also in violation of allowable weight limits for individual axles and consecutive groups of axles. Due to the extreme weights involved, the inspectors re-weighed Bryan's tractor-trailer to confirm the weights. This time, the inspectors calculated the gross weight to be 96,260 pounds.

One inspector issued Bryan two separate citations.[1] The first citation alleged that Bryan violated I.C. § 49–438 by operating a commercial vehicle in excess of the registered gross weight by 11,900 pounds. The second citation alleged that Bryan committed two additional violations by operating a commercial vehicle in excess of the allowable weight for groups of two or more consecutive axles as set forth in I.C. § 49–1001(1). Specifically, the second citation alleged that the tandem drive axles carried 41,140 pounds when the allowable limit for those axles was 34,000 pounds. The second citation also alleged that Bryan violated the allowable limit for weight carried on the "four axle bridge," which included the two tandem drive axles and the two trailer axles. The citation alleged that the four axle bridge carried 84,020 pounds when the allowable limit to be carried on those four axles as configured on Bryan's tractor-trailer was 74,500 pounds. The magistrate held a bench trial. The state's evidence included the testimony of the inspectors involved in Bryan's weigh-in, a copy of Bryan's vehicle registration, and documents related to the weigh-in and service of the scale. After the close of the state's case, Bryan argued that the state violated his right against double jeopardy by prosecuting him for multiple weight violations when he only committed one offense. The magistrate rejected Bryan's double jeopardy argument, apparently ruling that the state was prosecuting Bryan for three separate offenses. The magistrate then found Bryan guilty of violating the three weight limitations as alleged in the citations. The magistrate imposed a fine of $1,145.50 for exceeding the registered gross weight, a fine of $765 for exceeding the allowable limit for the four

1. The inspector used the lesser of the two weights obtained in citing Bryan.

axle bridge, and a fine of $10 for exceeding the allowable limit for the tandem drive axle.

Bryan appealed to the district court, asserting that the state violated his right against double jeopardy because the three weight violations constituted only one offense—transporting too much weight in his tractor-trailer. The state asserted that each weight violation required proof of separate and distinct elements and, thus, prosecution for the three violations did not implicate Bryan's right against double jeopardy. The district court affirmed Bryan's judgments of conviction. Bryan again appeals.

## II.

### STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993).

## III.

### ANALYSIS

**A. Waiver**

■ The state asserts that Bryan waived his double jeopardy argument by not filing a motion to dismiss prior to trial pursuant to I.C.R. 12(b)(6). Bryan concedes that he failed to file such a motion and only raised the double jeopardy argument after the close of the state's evidence at trial.

■ The state's argument is foreclosed by the plain language of Rule 12(b)(6) and this Court's holding in *Bates v. State,* 106 Idaho 395, 679 P.2d 672 (Ct.App.1984). The rule requires that a "motion to dismiss based upon *former* jeopardy" must be raised prior to trial. Rule 12(b)(6) (emphasis added). A defendant must file a motion to dismiss prior to trial when the motion is based upon having formerly been placed in jeopardy of conviction and punishment on the charged offenses. *See Bates,* 106 Idaho at 402, 679 P.2d at 679. In *Bates,* the state argued that Bates waived any double jeopardy objection by failing to

raise it before he entered his guilty pleas. A motion to dismiss based upon former jeopardy, however, was not available to Bates because he had not been either convicted or acquitted at an earlier time of the offenses with which he was charged. Instead, Bates was convicted and punished in the same criminal proceeding for one count of attempted rape and one count of assault with a deadly weapon. Bates contended that the convictions in the same proceeding of both a higher and a lesser-included offense or, in the alternative, convictions of two offenses arising out of a single act violated the right to be free from double jeopardy. This Court noted that double jeopardy is somewhat different from the term "former jeopardy" found in Rule 12(b)(6), and this difference is demonstrated by the fact that the state, in an information charging a particular offense, may properly allege a lesser included offense. Because Bates had not been formerly convicted or acquitted of the offenses to which he pled guilty, this Court held that Bates had not been in former jeopardy, had no right to a dismissal of either charge prior to trial, and did not waive his right to raise his double jeopardy claim. *Id.* at 402, 679 P.2d at 679.

In addition to being contrary to the language of Rule 12(b)(6), the cases relied upon by the state for its argument are distinguishable. In *State v. Hussain,* 143 Idaho 175, 139 P.3d 777 (Ct.App.2006), Hussain asserted that he was twice put in jeopardy for the same offense during a trial where he was convicted of two separate counts of sexual abuse of a child based on a single, uninterrupted course of conduct. We noted that the district court had determined that, under Rule 12(b), Hussain's motion to dismiss on double jeopardy grounds filed at the time of sentencing was likely untimely. Unlike Bryan in the instant case, however, Hussain did not raise his double jeopardy argument during trial. Furthermore, we did not adopt the district court's analysis of Rule 12(b)(6), and we addressed the double jeopardy argument. *See id.* at 177, 139 P.3d at 779. The state also relies on *State v. Major,* 111 Idaho 410, 725 P.2d 115 (1986), but that case did not involve a double jeopardy argument or a question of whether, pursuant to Rule

12(b)(6), the defendant waived such an argument in the trial court. The remaining cases cited by the state all involved waiver of a double jeopardy argument by failing to raise it prior to a second trial after having been formerly placed in jeopardy for the same alleged conduct at an initial trial. *See State v. Hall*, 86 Idaho 63, 67, 383 P.2d 602, 604 (1963), *overruled on other grounds by Sivak v. State*, 112 Idaho 197, 211, 731 P.2d 192, 207 (1986); *State v. Davis*, 72 Idaho 115, 124, 238 P.2d 450, 455 (1951); *State v. Avelar*, 129 Idaho 704, 706, 931 P.2d 1222, 1224 (Ct.App. 1996), *affirmed by State v. Avelar*, 129 Idaho 700, 931 P.2d 1218 (1997).[2] In *Hall*, the defendant waived his double jeopardy objection to a trial on a charge of robbery following acquittal on a charge of murder of the same victim. *Hall*, 86 Idaho at 64, 383 P.2d at 604. In *Davis*, the defendant waived his double jeopardy argument prior to a retrial following a hung jury. *Davis*, 72 Idaho at 124, 238 P.2d at 455. In *Avelar*, the defendant waived his double jeopardy objection by failing to raise it prior to a second trial after this Court vacated his initial judgment of conviction due to prosecutorial misconduct. *Avelar*, 129 Idaho at 706, 931 P.2d at 1224.

In the present case, Bryan had not been previously tried, convicted, or acquitted of the weight violations alleged in the citations and thus had not been in former jeopardy for the alleged conduct. Therefore, Rule 12(b)(6) did not require Bryan to file a motion to dismiss prior to trial because he had not been in former jeopardy. Bryan presented the double jeopardy argument to the magistrate at his trial, and the magistrate addressed the argument prior to finding Bryan guilty. Bryan properly preserved his double jeopardy argument, and we will address it on appeal.

**B. Double Jeopardy**

█ Bryan asserts that he was punished three times for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. According to Bryan, his three judgments of conviction with separate fines con-

stitute three separate punishments for one act—operating a commercial vehicle which was in excess of allowable weight limits because it contained too many cattle. The state asserts that Bryan's double jeopardy rights were not implicated under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), because the three weight violations each required proof of different facts. The state also asserts that Bryan's double jeopardy rights were not implicated under *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), because the legislature expressly authorized cumulative punishments for the three weight violations.

We initially note that Bryan does not claim that the Double Jeopardy Clause of the Idaho Constitution provides any broader protection than that of the United States Constitution. Therefore, we will analyze this claim under the Double Jeopardy provisions of the United States Constitution. *See State v. Talavera*, 127 Idaho 700, 703, 905 P.2d 633, 636 (1995). Whether a defendant's prosecution complies with the constitutional protection against being placed in jeopardy twice is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct.App.2000). The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Clause affords a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229, 114 S.Ct. 783, 789, 127 L.Ed.2d 47, 56 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct.App.2001).

█ Bryan's argument implicates only the prohibition against multiple punishments for the same offense. In *Blockburger*, the Court held that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only

**2.** Although the Idaho Supreme Court reviewed this Court's decision in *Avelar*, the Supreme Court did not address the double jeopardy issue. *See Avelar*, 129 Idaho at 702, 931 P.2d at 1220.

one, is whether each provision requires proof of a fact which the other does not. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. In order to avoid multiplicity under the *Blockburger* test, only one fact or element need be different for each charge. *See State v. Hussain*, 143 Idaho 175, 177, 139 P.3d 777, 779 (Ct.App.2006). The assumption underlying the rule against multiple punishments is that a legislative body ordinarily does not intend to punish the same offense under two different statutes. *See Whalen v. United States*, 445 U.S. 684, 691, 100 S.Ct. 1432, 1437, 63 L.Ed.2d 715, 723 (1980). The "same offense" test of *Blockburger*, however, was later limited by the Supreme Court in instances when all the charges against a criminal defendant are combined in a single trial. *See Hunter*, 459 U.S. at 368, 103 S.Ct. at 679, 74 L.Ed.2d at 543. In *Hunter*, the Court held that if the legislature clearly indicates its intent to twice punish the same criminal conduct through two statutes, the Double Jeopardy Clause does not preclude the imposition, in a single trial, of cumulative punishments pursuant to those statutes. *Hunter*, 459 U.S. at 368, 103 S.Ct. at 679, 74 L.Ed.2d at 543. *See also Ohio v. Johnson*, 467 U.S. 493, 499, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425, 433 (1984); *State v. Osweiler*, 140 Idaho 824, 826, 103 P.3d 437, 439 (2004); *State v. Swader*, 137 Idaho 733, 736, 52 P.3d 878, 881 (Ct.App.2002); *State v. Ayala*, 129 Idaho 911, 919, 935 P.2d 174, 182 (Ct.App. 1996). Where a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial. *Hunter*, 459 U.S. at 368, 103 S.Ct. at 679, 74 L.Ed.2d at 543.[3]

Therefore, the multiple fines did not offend Bryan's right against double jeopardy if, pursuant to *Blockburger*, each weight violation required proof of one element that was not required for the other violation or if, pursuant to *Hunter*, the legislature clearly intended to authorize cumulative punishment for the violations.

Bryan's registered gross weight violation was a separate offense from each of Bryan's axle weight violations under the *Blockburger* test. The registered gross weight violation required the state to prove that Bryan had exceeded the weight at which he registered his tractor-trailer. *See* I.C. § 49–438.[4] In contrast, the elements to prove Bryan exceeded the allowable weight limits for his tandem drive axle and his four axle bridge, in violation of I.C. § 49–1001, did not require the state to prove Bryan's registered weight.[5] The elements to prove the axle weight violations are found in I.C. § 49–1001(3)(a)–(c), and that section does not refer to the registered weight of the vehicle. In turn, Bryan's axle weight violations also required proof of an additional fact from his registered gross weight violation. The allowable weight to be carried on any group of consecutive axles on Bryan's vehicle was determined pursuant to a mathematical formula found in I.C. § 49–

---

3. The former I.C. § 18–301 provided broader double jeopardy protection than the federal constitution by proscribing multiple punishments for the same "act or omission." *See State v. Castaneda*, 125 Idaho 234, 235, 869 P.2d 234, 235 (Ct.App.1994). Bryan relies on cases that analyze the protection of that former section. *See State v. Longstreet*, 130 Idaho 202, 203, 938 P.2d 1240, 1241 (1997); *State v. Lynch*, 126 Idaho 388, 390, 883 P.2d 1080, 1082 (1994); *State v. Betterton*, 127 Idaho 562, 564, 903 P.2d 151, 153 (Ct.App.1995). However, because these opinions did not analyze constitutional double jeopardy issues and the legislature repealed I.C. § 18–301 in 1995, the cases are inapplicable. *See* 1995 Idaho Sess. Laws, ch. 16, § 1.

4. The citation and judgment of conviction did not specify whether Bryan violated I.C. § 49–438(1) or (2). Both provisions, however, require the state to prove a violation of the registered gross weight. Bryan does not assert any error occurred regarding the failure by the state and the magistrate to specify which provision applied to this case.

5. Bryan appears to assert in his reply brief that the state did not present evidence that he failed to pay the required registration fee for his tractor-trailer. The *Blockburger* test, however, focuses on the facts and elements that the state was required to prove, not the evidence the state presented. Additionally, the state presented a copy of Bryan's registration, which indicated that Bryan registered his vehicle to weigh a maximum of 84,000 pounds. The registered weight is what the state had to prove for this offense, not whether Bryan paid the associated registration fee. Therefore, this argument is meritless.

1001(1). *See also* I.C. § 49–1001(3)(a). That formula determines the maximum allowable weight based upon the number of axles and the distance in feet between the extremes of the group of axles. The state did not need to prove that any group of consecutive axles or the gross weight of the vehicle exceeded the maximum allowable weight set in this formula in order to prove Bryan exceeded the registered gross weight in violation of I.C. § 49–438. Thus, Bryan's axle weight violations required the state to prove facts not required to prove a violation I.C. § 49–438. In sum, the registered gross weight violation required proof of an additional fact from each of the axle weight violations, and each of the axle weight violations required proof of an additional fact from the registered gross weight violation.

Furthermore, the legislature clearly authorized cumulative punishment for multiple violations of the weight limits set forth in I.C. § 49–1001 for groups of consecutive axles. More than one group of consecutive axles on a particular tractor-trailer could exceed the weight limits prescribed by the formula in I.C. § 49–1001(1). Exceeding the maximum allowable weight for any group of consecutive axles constitutes a violation of I.C. § 49–1001. *See* I.C. § 49–1001(3). Section 49–1013(3) prescribes the fines to be imposed for violating I.C. § 49–1001. That section also provides:

> Persons convicted of an infraction or misdemeanor for violating two (2) or more of the provisions of section 49–1001, 49–1002 or 49–1004, Idaho Code, at any one (1) time shall be assessed the full amount of the penalty for the primary violation. In addition to the assessment of the penalty for the primary violation, the person convicted of an infraction or misdemeanor shall be assessed a penalty of ten dollars ($10.00) for each additional misdemeanor conviction or five dollars ($5.00) for each additional infraction for violations of section 49–1001, 49–1002 or 49–1004, Idaho Code, committed at the same time.

I.C. § 49–1013(4). Thus, the legislature clearly intended to authorize cumulative punishment for multiple violations of I.C. § 49–1001, by authorizing a full penalty for the primary violation and a lesser penalty for each additional misdemeanor or infraction.

Consistent with the statute, the magistrate assessed the full amount of the penalty for Bryan's primary violation, a fine of $765 for exceeding the allowable limit for the four axle bridge, and assessed a fine of $10 for the additional misdemeanor violation of the allowable limit for the tandem drive axles. The magistrate properly imposed these multiple fines in a single trial in accordance with legislative intent and did not violate Bryan's right against double jeopardy.

## IV.

## CONCLUSION

Bryan properly preserved his double jeopardy argument. Bryan's registered gross weight violation, however, was a separate offense from each of Bryan's axle weight violations under the *Blockburger* test, and the legislature clearly authorized cumulative punishment for Bryan's two axle weight violations. Therefore, Bryan's three separate fines for his three weight violations did not violate his right against double jeopardy. We affirm the district court's order affirming Bryan's judgments of conviction for three misdemeanor violations of operating a commercial vehicle in excess of allowable weight limits.

Chief Judge GUTIERREZ and Judge LANSING, concur.