575 P.2d 1306

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Max E. BRADLEY, Defendant-Appellant.**

**No. 12588.**

Supreme Court of Idaho.

March 10, 1978.

Stephen B. McCrea, Post Falls, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Larry K. Harvey, Sp. Asst. Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a conviction of second degree murder and the imposition of a 15-year sentence therefor. We affirm.

Defendant-appellant Bradley shot and killed another man during an argument outside a tavern while Bradley was apparently trying to collect a debt. Bradley had been drinking prior to the shooting and after the incident he made statements that he did not intend the killing. Bradley was charged with first degree murder to which he pleaded not guilty. Later, pursuant to a plea bargain, he entered a plea of guilty to a reduced charge of second degree murder. Thereafter he was sentenced to a term of 15 years in the state penitentiary.

Bradley asserts that the trial court erred in accepting his plea of guilty without explaining to Bradley the element of intent as a requisite of the crime of second degree murder. Bradley asserts that in the absence of such explanation his plea of guilty was not voluntarily and understandingly made and therefore the due process requirement of the U. S. Constitution is offended. We disagree. *State v. Stevens*, 98 Idaho 131, 559 P.2d 310 (1977); *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976).

The requisites laid down in *State v. Colyer, supra*, were met in the case at bar. An examination of the entire record, including all reasonable inferences to be drawn therefrom, indicate that Bradley's plea of guilty was entered intelligently, voluntarily and knowingly. There is no argument but that Bradley shot and killed the victim. A plea bargain was struck by the terms of which Bradley agreed to plead guilty to a reduced charge of second degree murder. The information was read to Bradley which contained reference to the necessary ele-

ment of intent. *See Henderson v. Morgan,* 426 U.S. 637, 647, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (White, J., concurring). During the process of amending the information in open court the prosecuting attorney in the presence of Bradley and his counsel discussed the element of intent. Bradley was afforded the constitutional protections required by *State v. Colyer, supra,* and *State v. Stevens, supra.* Bradley was afforded counsel at all stages of the proceedings, and in response to a direct question from the court, Bradley's counsel asserted that he had discussed the matter of the second degree murder charge and Bradley's plea of guilty thereto at length with the defendant. There is no showing or even assertion that Bradley was not conversant with the English language or that he had any but a normal intelligence and education. *See*

*State v. Birrueta,* 98 Idaho 631, 570 P.2d 868 (1977).

 Although appellant asserts that the trial court abused its discretion in imposing a 15-year sentence, we find no such abuse. The sentence is well within the statutory limits, and in fact at the lower end of the permissible range of sentencing, and is consistent with the plea bargain. *State v. Chapa,* 98 Idaho 54, 558 P.2d 83 (1976).

The judgment and sentence are affirmed.