679 P.2d 672

**Samuel BATES, Petitioner-Appellant,**

v.

**The STATE of Idaho, Respondent.**

No. 14317.

Court of Appeals of Idaho.

March 15, 1984.

John C. Lynn of Lynn, Scott & Hackney, Boise, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Neil Tillquist, Deputy Atty. Gen., Boise, for respondent.

SWANSTROM, Judge.

On April 17, 1978, Samuel Bates pled guilty to one count of attempted rape, I.C. §§ 18–6101 and 18–306, and one count of assault with a deadly weapon, former I.C. § 18–906.[1] He was sentenced to indeterminate terms of twelve years for the attempt-

---

1. Assault with a deadly weapon was formerly proscribed by I.C. § 18–906. This statute was repealed in 1979. Assault with a deadly weapon is now denominated "aggravated assault." I.C. § 18–905(a).

ed rape and five years for the assault, the sentences to run consecutively. He did not appeal. On January 14, 1980, he filed a petition for post-conviction relief alleging that his guilty pleas were not made voluntarily. He also alleged that conviction and punishment for both offenses violated I.C. § 18–301 and the double jeopardy clause of the fifth amendment of the United States Constitution, as applied to the states through the fourteenth amendment. These same contentions frame the issues on appeal.

The district judge who had earlier sentenced Bates handled the post-conviction proceedings. He held that Bates had entered his guilty pleas voluntarily, but that the provisions of I.C. § 18–301 allowed Bates to be punished for only one of the offenses. He therefore vacated the *sentence* for assault with a deadly weapon. The district judge further held that "no useful purpose would be served by any further proceedings and the [petition] should be dismissed." Bates was given twenty days to reply to the proposed dismissal. I.C. § 19–4906(b). A motion to reconsider was filed, but it was denied. Bates has appealed. We affirm the order of the district judge and, in addition, we remand with directions to vacate the *conviction* for assault with a deadly weapon.

█ Post-conviction relief proceedings in Idaho are civil rather than criminal in nature and the petitioner has the burden of proving his allegations by a preponderance of the evidence. *Heck v. State*, 103 Idaho 648, 651 P.2d 582 (Ct.App.1982). Idaho Code § 19–4906(b) permits the district court to summarily dismiss a petition for post-conviction relief when the pleadings and the record do not disclose a material issue of fact. *Drapeau v. State*, 103 Idaho 612, 651 P.2d 546 (Ct.App.1982). Furthermore, "[w]hen the alleged facts, even if true, would not entitle the applicant to relief, the trial court may dismiss the application without holding an evidentiary hearing." *Cooper v. State*, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975). We hold that

Bates has not alleged facts which, even if true, would entitle him to relief.

█ Bates first alleges that his guilty pleas were not made voluntarily because he was not informed of the elements of the crimes with which he was charged. "Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show: (1) The voluntariness of the plea .... [and] (4) The defendant was informed of the nature of the charge against him." I.C.R. 11(c). The United States Supreme Court has held that a plea of guilty cannot be voluntary, in the sense that it was intelligently made, unless the defendant receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108 (1976) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941)). A plea of guilty that is not voluntary cannot support a judgment of conviction. *Henderson v. Morgan, supra.*

█ In *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976), our Supreme Court indicated the proper inquiry concerning the voluntariness of a guilty plea. Three areas are to be examined:

(1) whether the defendant's plea was voluntary in the sense that he understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself; and (3) whether the defendant understood the consequences of pleading guilty.

*Id.* at 34, 557 P.2d at 628. The court noted that all of the relevant surrounding circumstances must be considered in determining whether a guilty plea was made voluntarily.

█ Bates argues that he was not informed of the nature of the charges against him. Specifically he alleges that the district court did not inform him that

one of the elements of attempted rape which the state is required to prove is the intent to commit rape.[2] *See State v. Gailey*, 69 Idaho 146, 204 P.2d 254 (1949).

The crime of attempted rape is an included offense in the crime of assault with intent to commit rape. *State v. Hall*, 88 Idaho 117, 397 P.2d 261 (1964). Specific intent to commit the rape is an element of both attempted rape and assault with intent to rape where the rape itself is not consumated. "The felonious intent to commit rape is the essense of the offense." *Boyd v. State*, 572 P.2d 276, 279 (Okl.Cr. App.1977) (quoting *Thomas v. State*, 68 Okl.Cr. 1, 95 P.2d 658, 669 (1939)). *Accord State v. Laurie*, 56 Hawaii 664, 548 P.2d 271 (1976); *State v. Zauner*, 250 Or. 105, 441 P.2d 85 (1968). *See also State v. Gailey, supra; State v. Andreason*, 44 Idaho 396, 257 P. 370 (1927).

The other required element of the crime of attempted rape is an overt act. While we have not found an Idaho case specifically defining what is required to constitute an overt act for the purposes of the crime of attempted rape, we can take some guidance from Oregon. In *State v. Benson*, 63 Or.App. 467, 664 P.2d 1127, 1129 (1983) the court said: "Defendant must be found to have intentionally engaged in conduct that constitutes a substantial step toward commission of the crime [of rape] with the intent to complete the crime." *Accord, State v. Laurie, supra*.

It is true that "[i]n order for a guilty plea to be voluntary, a defendant must be informed of the intent elements requisite to the charged offense." *Sparrow v. State*, 102 Idaho 60, 61, 625 P.2d 414, 415 (1981). This does not mean, however, that the district court must explain every element of the charged offense which must be proved. In *State v. Bradley*, 98 Idaho 918, 575 P.2d 1306 (1978), an information charging the defendant with murder and containing "reference to the necessary element of intent" was read to Bradley. There was also a discussion in open court during the process of amending the complaint, in the presence of Bradley and his counsel, of the element of intent. Finally, there was "no showing or even assertion that Bradley was not conversant with the English language or that he had any but a normal intelligence and education." *Id.* at 919, 575 P.2d at 1307. Our Supreme Court therefore held that the guilty plea had been made voluntarily. *See also Schmidt v. State*, 103 Idaho 340, 647 P.2d 796 (Ct.App.1982).

In *Henderson v. Morgan, supra*, the United States Supreme Court held that a plea of guilty to second degree murder had been made involuntarily. The Supreme Court stated:

> There is nothing in this record that can serve as a substitute for either a finding after trial, or a voluntary admission, that respondent had the requisite intent. Defense counsel did not purport to stipulate to that fact; they did not explain to him that his plea would be an admission of that fact; and he made no factual statement or admission necessarily implying that he had such intent. In these circumstances it is impossible to conclude that his plea to the unexplained charge of second-degree murder was voluntary.

426 U.S. at 646, 96 S.Ct. at 2258. The Supreme Court, however, went on to state:

> Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to

---

2. Bates also argues that the district court failed to "articulate ... the intent element necessary for the Assault with a Deadly Weapon charge." However, the language of I.C. § 18–906, as that statute existed at the time of the instant offense, did not indicate that any specific intent is an essential element of the crime. *See State v. Missenberger*, 86 Idaho 321, 326, 386 P.2d 559, 561 (1963). This argument is therefore without merit.

give the accused notice of what he is being asked to admit.

*Id.* at 647, 96 S.Ct. at 2258.

The record in *Henderson* revealed neither an explanation by the court nor a representation by counsel regarding the element of intent. On the contrary, the case was said to be "unique" because the trial judge found *as a fact* that the element of intent had not been explained to the defendant. The Supreme Court recognized that this may have been an understandable "oversight" by his attorney because of the defendant's "unusually low mental capacity." Thus it was also an inappropriate case in which to presume that adequate notice had been given to the defendant. The court further stated that the defendant's unusually low mental capacity "forecloses the conclusion that the error was harmless beyond a reasonable doubt...." *Henderson v. Morgan,* 426 U.S. at 647, 96 S.Ct. at 2259.

■■■ In the present case, Bates waived the reading of the information by the court, admitting that he had read the information and had gone over it with his attorney. *See* I.C.R. 10(c); *cf. Sparrow v. State, supra* (defendant testified that he had read the information and understood the charges). We note that the information specifically alleged that Bates "intentionally" attempted to rape the victim. We believe the word "intentionally," used in direct context with attempted rape, would apprise the average reader that Bates was alleged to have an intent to rape the victim. There is no assertion that Bates was not conversant with the English language. *See State v. Bradley, supra.* Nor was he a stranger to the charge of attempted rape, having been convicted of attempted rape in 1970 and forcible rape in 1972. *Cf. Larson v. State,* 614 P.2d 776 (Alaska 1980) (the fact that the defendant has a prior history of involvement in legal proceedings may be considered in determining whether the defendant understood the nature of the charge to which he pled guilty). Finally, the district court did not either explicitly or

implicitly find that the element of intent had not been explained to Bates.

Bates also contends that he is of below average intelligence, one factor which led the Supreme Court in *Henderson* to find that the guilty plea had been made involuntarily. The record does not show that Bates' intelligence was so low as to deprive him of the ability to understand. There is only the unsupported assertion that he is of below average intelligence. Under these circumstances, Bates can find no support in *Henderson,* where the defendant had a functioning I.Q. of between 68 and 72.

Furthermore, Bates' argument—that his conviction for attempted rape must be reversed because the district court failed to explain to him that, if a trial were held, the state would be required to prove an "overt act in furtherance of sexual intercourse"— is also without merit. Bates was given a preliminary hearing at which four witnesses, including the victim, testified and were subjected to cross-examination. The details of an assault upon the victim with a crowbar or tire iron were fully explored. Two police officers testified regarding statements Bates had made following his arrest concerning his intent at the time of the assault. The same assault was mentioned in colloquy with the district judge before the plea of guilty to attempted rape was entered. Thus Bates was made aware, before pleading guilty, of evidence the state could offer at trial to prove both the acts and the intent comprising the attempted rape. Finally, there is in the record an affidavit by Bates' former counsel that he had "fully advised" Bates "at each step of the proceeding." We believe that this case is one in which it is "appropriate to presume ... defense counsel routinely explain[ed] the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson v. Morgan,* 426 U.S. at 647, 96 S.Ct. at 2258. In view of all the foregoing circumstances, we conclude that the district court did not err in determining that, under both the federal and state standards, Bates' pleas were voluntary.

The second issue on appeal is whether Bates' conviction for both assault with a deadly weapon and attempted rape violates either the double jeopardy provisions of the fifth amendment of the United States Constitution or I.C. § 18–301. Because we base our decision on independent state grounds, we need not reach the federal constitutional question. Idaho Code § 18–301 provides in part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one...." In regard to this, the district court stated:

It seems apparent that the assault in this case was part of the attempt to commit rape. The assault constitutes the overt act which must necessarily accompany an intent to commit rape in order to constitute the offense of attempt to commit rape. It is part of the attempt with which he is charged. They are not separate offenses.

It is apparent the district judge found that the acts which constituted the crime of assault with a deadly weapon were the same acts which formed the basis of the attempted rape. This finding is clearly supported by the record. Since I.C. § 18–301 forbids imposition of multiple punishments for the same act, the court held that punishment for both of the charged crimes was error. The state did not file a cross-appeal; thus, it cannot challenge this holding on appeal. *Simmons v. Ewing,* 96 Idaho 380, 529 P.2d 776 (1974); *Lepel v. Lepel,* 93 Idaho 82, 456 P.2d 249 (1969).

Nevertheless, we wish to make it clear that the situation here is different from that found in *State v. McCormick,* 100 Idaho 111, 594 P.2d 149 (1979). In *McCormick* the defendant's acts of entering into a building with the intent to commit rape were held to be separate events from the rape itself. Thus, McCormick's conviction and sentence for both burglary and rape were upheld. In the present case Bates' acts are not divisible into separate events which would permit punishment for both of the crimes with which he was charged. *Compare State v. Thompson,* 101 Idaho 430, 614 P.2d 970 (1980).

Bates, however, argues that he continues to be "punished" for both offenses because the district court vacated only the *sentence* for assault with a deadly weapon and not the *conviction.* We agree. Interpreting an identical statute, the Arizona Supreme Court held that "punishment," as used in the statute, "includes both the conviction and the sentence imposed thereon." *State v. Lippi,* 108 Ariz. 342, 498 P.2d 209, 212 (1972). *See* also *State v. Little,* 19 Utah 2d 53, 426 P.2d 4 (1967). *Cf. People v. Bauer,* 1 Cal.3d 368, 82 Cal.Rptr. 357, 461 P.2d 637 (1969), *cert. denied,* 400 U.S. 927, 91 S.Ct. 190, 27 L.Ed.2d 187 (1970). The Arizona court also noted in *State v. Ballez,* 102 Ariz. 174, 427 P.2d 125 (1967):

Because the court in the present case ... sentenced the defendant under the robbery conviction only, with no additional sentence for the grand theft conviction, there would appear to be no "double punishment" within the meaning of the statute.... However, we feel that to prevent any remnant of double punishment it would now be advisable to go one step further and remove the second conviction despite the fact that there had been no sentence rendered thereunder.

*Id.* at 126. We also believe this to be the wisest course and therefore Bates' conviction for assault with a deadly weapon must be vacated.

Bates further contends that if either conviction and sentence is to be vacated it should be the conviction and sentence for attempted rape. He argues that the assault was a lesser included offense of attempted rape. The district court, however, held that the assault with a deadly weapon "was part of the attempt to commit rape" and not a separate offense. In other words, the assault was only an element of the attempted rape—"the overt act which must necessarily accompany an intent to commit rape in order to constitute the offense of attempt to commit rape."

In Idaho we use the "indictment" or "pleading" theory to determine whether one offense is a lesser included of another. *State v. Thompson, supra.* This theory holds "that an offense is an included offense if it is alleged in the information as a means or element of the commission of the higher offense." *State v. Anderson,* 82 Idaho 293, 301, 352 P.2d 972, 977 (1960). A lesser included offense may also be "one which is necessarily committed in the commission of another offense...." *State v. Hall,* 86 Idaho 63, 69, 383 P.2d 602, 605–06 (1963).

Assault with a deadly weapon is not "necessarily committed" in the commission of attempted rape, because attempted rape is not always committed with a deadly weapon. Nor is attempted rape necessarily committed in an assault with a deadly weapon, because such an assault is not always committed with an intent to rape. Furthermore, neither crime was alleged, in the prosecutor's information, to be the means or an element of the commission of the other. Count I of the information alleged that Bates attempted to accomplish an act of sexual intercourse against the consent of the victim and that the victim resisted. I.C. § 18–6101(3). Count II alleged that Bates assaulted the victim with a deadly weapon "by means and force likely to produce great bodily injury."

Thus, for the reasons stated, we cannot conclude in this case that assault with a deadly weapon was an included offense of the attempted rape. Therefore, our choice of which conviction to vacate does not turn upon such a determination. Regardless of whether there is an included offense here, I.C. § 18–301 precludes double punishment for the same acts. We hold that in such circumstances justice requires that the district judge should then set aside the lesser conviction. *State v. Lippi, supra; State v. Mendoza,* 107 Ariz. 51, 481 P.2d 844 (1971); *State v. Zamora,* 114 Ariz. 75, 559 P.2d 195 (App.1977). *Compare State v. Brusseau,* 96 Idaho 558, 532 P.2d 563 (1975).

Similarly, Bates' argument that the attempted rape was the factually weaker of the two charges and thus should have been the conviction vacated is without merit. We are not required to presume that the record on appeal discloses all of the evidence the state could have offered at trial to prove Bates had the intent to rape his victim when he assaulted her. Here, Bates' voluntary guilty plea supplied the factual basis needed to sustain the conviction for attempted rape. *See State v. Coffin,* 104 Idaho 543, 661 P.2d 328 (1983); *Schmidt v. State,* 103 Idaho 340, 647 P.2d 796 (Ct.App.1982). Bates' allegations do not entitle him to the relief he requested.

Finally the state argues that Bates waived any double jeopardy objection by failing to raise it before he entered his guilty pleas. The state makes this argument for the first time on appeal. While it is true that a "motion to dismiss based upon former jeopardy" must be raised prior to trial or the claim is waived, I.C.R. 12(b)(6), 12(e), such a motion was not available to Bates in this case. He had not been either convicted or acquitted at an earlier time of the offenses with which he was charged. Instead he contends that convictions *in the same proceeding* of both a higher and a lesser included offense or, in the alternative, convictions of two offenses arising out of a single act violate the right to be free from double jeopardy. In this sense, then, double jeopardy is somewhat different from "former jeopardy." This difference is especially evident when it is remembered that the state, in an information charging a particular offense, may properly allege a lesser included offense. *State v. Blacksten,* 86 Idaho 401, 387 P.2d 467 (1963); *State v. Petty,* 73 Idaho 136, 248 P.2d 218 (1952). Since Bates had not been formerly convicted or acquitted of the offenses to which he pled guilty, he had not been in "former jeopardy" and had no right to a dismissal of either charge prior to trial. Thus he did not waive his right to raise his double jeopardy claim.[3]

---

**3.** The state did not question whether Bates' plea of guilty to both offenses or the approximately

The conviction and sentence for attempted rape is therefore affirmed. We remand with directions to vacate the conviction for assault with a deadly weapon.

WALTERS, C.J., concurs.

BURNETT, J., concurs in result.

one and one-half year delay between the sentencing and his post-conviction motion constituted a waiver of the right to raise his double

jeopardy claim. Accordingly, we do not discuss this possibility.