183 P.3d 778

STATE of Idaho, Plaintiff–Respondent,

v.

Raudel SALAZAR–GARCIA, Defendant–Appellant.

No. 33893.

Court of Appeals of Idaho.

April 17, 2008.

---

Fuller Law Offices, Twin Falls, for appellant. Daniel S. Brown argued.

Hon. Lawrence G. Wasden, Attorney General; Thomas Tharp, Deputy Attorney General, Boise, for respondent. Thomas Tharp argued.

LANSING, Judge.

After pleading guilty to grand theft for stealing a newborn calf, Raudel Salazar–Garcia moved to withdraw the guilty plea on the ground that he was not aware of all the elements of the offense when he pleaded guilty. The motion was denied, and he appeals. We reverse.

## I.

## BACKGROUND

Salazar–Garcia was charged with grand theft, Idaho Code §§ 18–2403 and 18–2407(1)(b)(7), for stealing a day-old Holstein calf from the dairy where he was employed. Section 18–2407(1)(b)(7) provides that a grand theft occurs when a person commits the theft of "livestock or any other animal exceeding one hundred fifty dollars ($150) in value." At Salazar–Garcia's preliminary hearing, the magistrate held that theft of livestock of any value constituted grand theft, so a value exceeding $150 did not have to be proved by the State.[1]

Salazar–Garcia pleaded guilty, but before sentencing moved to withdraw his guilty plea pursuant to Idaho Criminal Rule 33(c) on the ground that, when he entered his guilty plea, he did not understand that the State would have to prove that the value of the calf exceeded $150 in order to convict him of grand theft. The court denied the motion for withdrawal of the plea, agreeing with the magistrate's view that the theft of livestock is grand theft regardless of the animal's value. Alternatively, the district court held that Sa-

1. The appellant has not provided a transcript of the preliminary hearing in the record on appeal, but the court minutes from that hearing, as well as a subsequent comment from the district court, indicate that the magistrate ruled that the requirement of value in excess of $150 did not apply to livestock.

lazar–Garcia should be held to an admission he made at the change of plea hearing that the calf's value exceeded $150.

The matter proceeded to sentencing, where the district court withheld judgment and placed Salazar–Garcia on probation. Thereafter, Salazar–Garcia filed a motion that was denominated a motion to modify the sentence under Idaho Criminal Rule 35, but that actually requested reconsideration of the order denying the motion for withdrawal of the guilty plea. In that motion, Salazar–Garcia brought to the district court's attention this Court's decision in *State v. Morrison*, 143 Idaho 459, 147 P.3d 91 (Ct.App. 2006), issued about one month before Salazar–Garcia's guilty plea, in which we held that the valuation element in I.C. § 18–2407(1)(b)(7) applies to livestock. At a hearing on the motion, Salazar–Garcia's attorney also argued that relief from the plea should be granted due to ineffective assistance of counsel because in advising his client to plead guilty, the attorney failed to realize that the State's evidence showed the value of the calf to be precisely $150, not in excess of $150 as required by the statute.[2] The district court recognized the holding in *Morrison*, but again denied Salazar–Garcia's motion on the ground that Salazar–Garcia had admitted the valuation element of the offense at the change of plea hearing.

Salazar–Garcia now appeals the denial of his presentencing motion to withdraw his guilty plea.

## II.

## ANALYSIS

■ A trial court is authorized to allow the withdrawal of a guilty plea under I.C.R. 33(c), and the decision is committed to the trial court's discretion. *State v. Hawkins*, 117 Idaho 285, 288, 787 P.2d 271, 274 (1990); *State v. Hocker*, 115 Idaho 137, 139, 765 P.2d 162, 164 (Ct.App.1988). Where, as here, the motion is made before sentencing, a defendant need only show a "just reason" to withdraw the plea, *State v. Ballard*, 114 Idaho

799, 801, 761 P.2d 1151, 1153 (1988); *Hocker*, 115 Idaho at 139, 765 P.2d at 164, and courts are encouraged to exercise their discretion liberally in these cases. *Hawkins*, 117 Idaho at 288, 787 P.2d at 274; *State v. Henderson*, 113 Idaho 411, 413–14, 744 P.2d 795, 797–98 (Ct.App.1987); *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct.App.1986).

■ Because several important constitutional rights are waived when a defendant pleads guilty to a crime, a guilty plea will not be deemed valid unless it was made voluntarily, knowingly and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). "[A] plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859[, 862] (1941)." *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828, 837 (1998). Therefore, in order for a guilty plea to be valid, a defendant must be informed of the critical elements of the charged offense. *Bradshaw v. Stumpf*, 545 U.S. 175, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005); *Henderson v. Morgan*, 426 U.S. 637, 645–47, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108, 114–15 (1976); *Sparrow v. State*, 102 Idaho 60, 61, 625 P.2d 414, 415 (1981); *State v. Hansen*, 120 Idaho 286, 289–90, 815 P.2d 484, 487–88 (Ct.App.1991); *Henderson*, 113 Idaho at 412, 744 P.2d at 796; *Bates v. State*, 106 Idaho 395, 399, 679 P.2d 672, 676 (Ct. App.1984).

■ This does not mean that every element of the offense must be explained to the defendant by the trial court itself, for a defendant may by other means gain an adequate understanding of the offense to permit a valid guilty plea. *Bradshaw*, 545 U.S. 175, 125 S.Ct. 2398, 162 L.Ed.2d 143; *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct.App.2004). Significant factors include whether the charge or a pleaded element of

---

**2.** An arrest report indicates that the owner of the calf informed a deputy that its value was "$150.00 on the market."

the charge is a self-explanatory term or has such a simple or common meaning that a lay person can be expected to be aware of it, whether the defendant has been convicted of the offense in the past and thus should be familiar with it, and whether counsel informed the defendant of the nature and elements of the charge. *Martinez v. State,* 143 Idaho 789, 793, 152 P.3d 1237, 1241 (Ct.App. 2007); *Mayer,* 139 Idaho at 645–49, 84 P.3d at 581–85; *Noel v. State,* 113 Idaho 92, 95–96, 741 P.2d 728, 731–32 (Ct.App.1987).

The value element for grand theft under I.C. § 18–2407(1)(b)(7) was a critical element in Salazar–Garcia's case. It defined the distinction between grand theft, a felony, and petit theft, a misdemeanor, and the stolen calf's value did not fall so obviously above that demarcation as to make the element inconsequential to a decision whether to plead guilty. The record here shows that Salazar–Garcia not only was not informed of this element but that he was affirmatively misinformed about it. The charging information did not allege any monetary element, and at the preliminary hearing, the magistrate expressly rejected defense counsel's argument that the value element applied to livestock, thereby misleading Salazar–Garcia as to that factor. At the change of plea hearing, the district court did not explain that a value exceeding $150 was an element of the crime. Indeed, in subsequently denying Salazar–Garcia's motion to withdraw his plea, the district court agreed with the magistrate's interpretation of the statute.

The record here does not suggest that these shortcomings in the judicial proceedings were cured by advice of counsel. Although the defense attorney apparently argued at the preliminary hearing that the value element in section 18–2407(1)(b)(7) applied to the theft of livestock, once the magistrate rejected that argument, counsel evidently acquiesced in the magistrate's interpretation of the statute. Defense counsel did not challenge that interpretation in the district court before advising Salazar–Garcia to plead guilty and did not advise Salazar–Garcia to enter a conditional guilty plea, reserving the right to appeal on this issue of statutory construction. The record

as a whole indicates that Salazar–Garcia was misinformed by the magistrate on the elements of the offense and that nothing was done thereafter to correct this misinformation.

The State argues, however, and the district court held, that Salazar–Garcia's misunderstanding of this element does not require relief from the guilty plea because he admitted at the plea hearing that the calf's value was more than $150. During the colloquy preliminary to accepting Salazar–Garcia's guilty plea, the court asked whether he admitted that the stolen calf was worth more than $150, and Salazar–Garcia replied, "Yes." While admissions to facts within the personal knowledge of a defendant at a plea hearing ordinarily would preclude post hoc challenges concerning that element, we disagree that the "admission" in this case justifies denial of Salazar–Garcia's motion for relief from the plea. Salazar–Garcia had been affirmatively misled to believe that the value of the calf was irrelevant to his guilty plea. He therefore had no reason to question the value of the calf, and the record gives no basis to conclude that he had any personal knowledge of its value. Defense counsel apparently made no independent investigation to determine the market value of the calf, and defense counsel has admitted that he mistakenly believed that even if the value threshold applied, the State's evidence was sufficient to prove a value of more than $150. Under these circumstances, Salazar–Garcia's response to the judge's question cannot be regarded as anything more than a pro forma answer to a question that he regarded to be irrelevant to the charge rather than a knowing and intentional admission of a critical element of the offense.

■ Where the record shows that neither the defendant, his counsel, nor the court correctly understood the essential elements of the crime with which he was charged, a guilty plea is constitutionally invalid. *Bousley,* 523 U.S. at 618–19, 118 S.Ct. at 1608–09, 140 L.Ed.2d at 836–37. Salazar–Garcia has shown a just reason for withdrawal of his plea, and his motion should have been granted.

The order of the district court denying Salazar–Garcia's motion to withdraw his guilty plea is reversed, and this case is remanded for further proceedings.

Chief Judge GUTIERREZ and Judge PERRY concur.

