**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40038**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Opinion No. 8 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 17, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MATTHEW JAMES GONZALES, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order denying motion to withdraw guilty plea, <u>vacated</u> and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant. Sally J. Cooley argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

LANSING, Judge

Matthew James Gonzales appeals from the district court's order denying his post-sentencing motion to withdraw his guilty plea. We vacate the order and remand for further proceedings.

**I.**

**BACKGROUND**

Gonzales was charged with felony injury to a child, Idaho Code § 18-1501(1), after a two-year-old child in his care suffered injuries. The information alleged that he, "did having the care or custody of a minor child, A.B., cause or permit said child to be injured, or placed in such situation that the child's person or health was endangered."

Pursuant to a plea agreement reached on the morning scheduled for trial, Gonzales pleaded guilty and the State agreed to recommend a unified sentence of six years with three years fixed. At the plea hearing, the district court read the allegations in the information to Gonzales,

1

but did not otherwise review the elements of the crime with him. The district court exceeded the State's recommendation and imposed a unified sentence of ten years with five years fixed. Gonzales filed a notice of appeal from the judgment of conviction.

Thereafter, Gonzales filed a motion to withdraw his guilty plea. Among other things, Gonzales contended that his plea was constitutionally infirm because before pleading guilty, he was not informed of the mental element of the offense, i.e., that guilt would require that he had acted "willfully." Gonzales also later filed an affidavit stating that his defense counsel misinformed him of this element by telling Gonzales that "all [the prosecutor] had to prove was that I was being inattentive" and that "all the State had to prove was that I was in the house and therefore I was responsible for the injuries" to the child.

The district court denied the motion. On appeal, Gonzales asserts that the district court erred by refusing to allow withdrawal of the guilty plea and by imposing an excessive sentence.

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to ensure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). Manifest injustice will be found if the plea was not taken in compliance with the constitutional due process standards requiring that a guilty plea be entered into voluntarily, knowingly, and intelligently. *State v. Heredia*, 144 Idaho 95, 98, 156 P.3d 1193, 1196 (2007).

## III.

## ANALYSIS

Gonzales contends that he has demonstrated that his plea was constitutionally infirm, and that he thus has satisfied the manifest injustice standard, because he was not informed, either at or before the change of plea hearing, of the mental element of the offense, which requires a "willful" act or omission. He contends that his affidavit submitted in support of his motion shows that his lawyer affirmatively misinformed him about this statutory element.

### A. This Challenge to Gonzales' Guilty Plea Is Properly Presented in This Appeal

Initially, we briefly address the State's primary argument in opposition to this appeal. The State contends that because the claim is supported, in part, by evidence of Gonzales' defense attorney's alleged erroneous advice, the issue must be raised in post-conviction proceedings as a claim of ineffective assistance of counsel and should not be considered in this appeal. The State is incorrect. What the attorney told Gonzales about the mental element of the charged offense is directly relevant to the issue on this appeal--whether Gonzales' motion to withdraw his plea should have been granted because he was not properly informed of an element of the offense. Gonzales' challenge to his conviction is not that he received ineffective assistance of counsel, but that his guilty plea was not taken in compliance with constitutional standards. Contrary to the State's position, there is no rule of law requiring Gonzales to pursue this issue solely through a post-conviction action. *See State v. Moad*, 156 Idaho 654, 657-58, 330 P.3d 400, 403-04 (Ct. App. 2014).

### B. The Constitutional Validity of the Guilty Plea

A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). *See also Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969); *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976). "[A] plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). "Where a defendant pleads guilty to a crime without having been informed of the crime's elements, this standard is not met and the plea is invalid." *Stumpf*, 545

U.S. at 183; *see also Henderson v. Morgan*, 426 U.S. 637, 644-45 (1976); *Sparrow v. State*, 102 Idaho 60, 61, 625 P.2d 414, 415 (1981); *State v. Salazar-Garcia*, 145 Idaho 690, 692, 183 P.3d 778, 780 (Ct. App. 2008); *Martinez v. State*, 143 Idaho 789, 793, 152 P.3d 1237, 1241 (Ct. App. 2007); *State v. Hansen*, 120 Idaho 286, 289-90, 815 P.2d 484, 487-88 (Ct. App. 1991); *State v. Henderson*, 113 Idaho 411, 412, 744 P.2d 795, 796 (Ct. App. 1987); *Noel v. State*, 113 Idaho 92, 95-96, 741 P.2d 728, 731-32 (Ct. App. 1987); *Bates v. State*, 106 Idaho 395, 399, 679 P.2d 672, 676 (Ct. App. 1984). A required statutory mental element such as the defendant's intent in committing a crime, "is perhaps as close as one might hope to come to a core criminal offense 'element.'" *Apprendi v. New Jersey*, 530 U.S. 466, 493 (2000).

There are three primary ways that a record is established showing that a defendant has been informed of the elements of the crime to which he is pleading guilty. The first is through a properly drafted charging document, which should contain, among other things, a clear statement of the elements of the offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *State v. Windsor*, 110 Idaho 410, 417, 716 P.2d 1182, 1189 (1985); *State v. McKeehan*, 91 Idaho 808, 815, 430 P.2d 886, 893 (1967); *State v. Grady*, 89 Idaho 204, 209-10, 404 P.2d 347, 350 (1965); *State v. Holcomb*, 128 Idaho 296, 300, 912 P.2d 664, 668 (Ct. App. 1995); *State v. Leach*, 126 Idaho 977, 978, 895 P.2d 578, 579 (Ct. App. 1995). Thus, there will often be a sufficient record of the defendant's awareness of the elements of the offense if the complaint, information, or indictment was read to the defendant in open court at some point in the criminal proceedings.[1] *State v. Bradley*, 98 Idaho 918, 919, 575 P.2d 1306, 1307 (1978); *Fowler v. State*, 109 Idaho 1002, 1003, 712 P.2d 703, 704 (Ct. App. 1985). The reliability of this method of notification is largely dependent, however, upon the charging document being correctly drafted.

Second, a court taking a guilty plea may rely on a representation by defense counsel on the record that the nature of the charge and the elements of the crime were explained to the

---

[1]     If a pleaded element of the charge is "a self-explanatory legal term or so simple in meaning that it can be expected or assumed that a lay person understands it," further explanation or definition of the element is not, in most instances, necessary in order for a defendant to have been properly informed of the element under due process standards. *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004). We do not here address whether, had the information included the allegation that Gonzales acted willfully, this would have been sufficient to satisfy due process concerns or whether it is necessary to inform a defendant of the statutory definition of that term.

defendant. *Stumpf*, 545 U.S. at 183. The reliability of this method of notification is dependent, however, on counsel's explanation being accurate.

Third, a court taking a guilty plea may choose not to rely on the charging instrument or defense counsel to inform the defendant, but instead independently inform the defendant of the elements of the crime in open court at the change of plea hearing. Although this procedure takes more time and is not constitutionally required, *see id.* at 183, it has a number of advantages.[2]

The elements of the offense with which Gonzales was charged, felony injury to a child, include a requirement that the defendant acted willfully. The crime is defined by Idaho Code § 18-1501(1) as follows:

> Any person who, under circumstances or conditions likely to produce great bodily harm or death, *willfully* causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, *willfully* causes or permits the person or health of such child to be injured, or *willfully* causes or permits such child to be placed in such situation that its person or health is endangered, is punishable by imprisonment in the county jail not exceeding one (1) year, or in the state prison for not less than one (1) year nor more than ten (10) years.

(emphasis added). Idaho appellate decisions have recognized that willfulness is plainly an element of this crime. *See State v. Jones*, 140 Idaho 755, 758, 101 P.3d 702 (2004); *State v. Young*, 138 Idaho 370, 372-73, 64 P.3d 296, 298-99 (2002).

The amended information in this case charged felony injury to a child under I.C. § 18-1501(1), and the district court read this amended information to Gonzales at his change of plea hearing, but this proceeding did not inform Gonzales of the required willfulness element because

---

[2] A guilty plea proceeding affords a trial court an opportunity to cure any possible misconceptions held by a defendant concerning the elements of the crime, whether those misconceptions might arise from a poorly drafted charging document, from erroneous advice from the defendant's attorney, or otherwise. If the court correctly informs the defendant, and a clear record is made, any future litigation of the issue is normally precluded because it is unnecessary to look elsewhere in the record to determine whether the defendant was properly informed of the elements of the crime at some other time. As the United States Supreme Court said, "When the judge discharges that function, he leaves a record adequate for any review that may later be sought and forestalls the spin-off of collateral proceedings that seek to probe murky memories." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969) (citations and footnotes omitted).

the charging document incorrectly omitted the element.[3]  Further, Gonzales' affidavit asserted that his defense attorney did not notify him of the willfulness element but, to the contrary, incorrectly told him that he could be found guilty for merely being inattentive and that "all the State had to prove was that I was in the house and therefore I was responsible for the injuries." The State did not offer any evidence rebutting this affidavit.

In denying Gonzales' motion to withdraw his guilty plea, the district court reasoned that although the information omitted the necessary statutory element that Gonzales had acted "willfully," at the change of plea hearing Gonzales admitted all of the facts in the information and therefore "admitted to all the necessary elements of the crime."  The district court based its conclusion on the following exchange that occurred at the guilty plea hearing:

> Q.  You have the right, Mr. Gonzales, if you wish, to tell me what happened that day.  Do you want to?
> A.  I'll just pretty much just make it the situation.  I'm not pleading guilty to hurting her, but, I guess, I mean, I should have kept a closer eye on her, you know, been more diligent.
> Q.  Are you admitting that during the time she was in your care or custody that she was injured?
> A.  Yes, sir.
> Q.  All right.  And that she was placed in a situation where her health or person was endangered?
> A.  Yes, sir.

Applying a general statutory definition of "willfully" set forth in I.C. § 18-101(1),[4] the district court concluded that "willfully," as used in Section 18-1501, meant nothing more than "a purpose or willingness to commit the act" and that Gonzales necessarily admitted that he had acted purposefully by his admission that he had permitted the child to be placed in a situation

---

[3]  The amended information also failed to allege another element of the offense, that Gonzales' act or omission was done "under circumstances or conditions likely to produce great bodily harm or death," which differentiates *felony* injury to a child under I.C. § 18-1501(1) from *misdemeanor* injury to a child under I.C. § 18-1501(2).

[4]  Idaho Code § 18-101 provides definitions for certain terms used in the criminal code that apply "unless otherwise apparent from the context."  Idaho Code § 18-101(1) states:

> The word "willfully," when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or make the omission referred to.  It does not require any intent to violate law, or to injure another, or to acquire any advantage.

6

that endangered her health or person. Thus, the court reasoned that the term "willfully" added nothing to the information's self-explanatory allegations so that Gonzales' ignorance of the element did not invalidate his guilty plea.

We conclude that the district court erred for two reasons. First, the injury to child statute includes a specific definition of "willfully" applicable only to that crime, which supplants the general I.C. § 18-101(1) definition of the term. Idaho Code § 18-1501(5) provides:

> As used in this section, "willfully" means acting or failing to act where a reasonable person would know the act or failure to act is likely to result in injury or harm or is likely to endanger the person, health, safety or well-being of the child.

This definition encompasses more than performing some act or omission purposefully. It requires, from the standpoint of a reasonable person, knowledge of circumstances *likely* to result in injury or endangerment of a child before criminal culpability attaches. It does not include mere failure to notice danger, and the fact that a child is ultimately injured or endangered is, by itself, insufficient to convict.[5] Gonzales made no statement at the guilty plea hearing from which his awareness of this element could fairly be inferred.

Second, even if the I.C. § 18-101(1) definition of willfully applied here, Gonzales' statements at the guilty plea hearing do not indicate that his conduct was willful. To the contrary, it indicates he was admitting only inattentiveness or simple negligence, not that he willfully committed any act or omission.

The transcript of the guilty plea hearing and Gonzales' affidavit are not the entirety of the record relevant to Gonzales' knowledge of the statutory mental element. The record also contains a guilty plea questionnaire. In the responses to the questionnaire signed by Gonzales and his attorney, Gonzales acknowledged that his attorney had reviewed the elements of the crime with him, although the document does not indicate what those elements are. In *Stumpf*, the United States Supreme Court held that "the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Stumpf*, 545 U.S. at 183.

---

[5] Even before the I.C. § 18-1501(5) definition of willfully was enacted, the Idaho Supreme Court held that, "A plain reading of section 18-1501(1) indicates that its purpose is to punish conduct or inaction that intentionally causes the child to suffer," and the statute's purpose "is not to punish mistakes in judgment that are reviewed in hindsight." *State v. Young*, 138 Idaho 370, 373, 64 P.3d 296, 299 (2002).

In such a circumstance, a defendant seeking relief from a guilty plea must satisfactorily counter the "natural inference" that his counsel's advice was accurate. *Id.*

Here, through the guilty plea questionnaire, both Gonzales and his attorney represented that the attorney had discussed with Gonzales "the elements of the crime you have been charged with." Applying *Stumpf*, this representation constitutes a sufficient record showing Gonzales' knowledge of the elements of the charge *in the absence of evidence to the contrary*. Unlike the defendant in *Stumpf*,[6] however, Gonzales submitted evidence that his attorney's explanation of the mental element of the crime was incorrect. Further, Gonzales' responses to the court's questions at the change of plea hearing are consistent with, and tend to corroborate, the averment in Gonzales' affidavit that he incorrectly believed that "all the prosecutor had to prove was that I was being inattentive" or that he was merely in the house when the injury occurred. If Gonzales' averments in his affidavit concerning his attorney's advice are true, he has effectively countered the inference that his attorney accurately informed him of the elements of the offense.

In acting on Gonzales' motion to withdraw his guilty plea, the district court did not make a finding as to whether Gonzales' defense attorney correctly described the elements of the offense to him. Therefore, we must remand for the necessary finding. If on remand the district court finds that Gonzales was not correctly advised as to the elements of the offense by his attorney, then he must be allowed to withdraw his guilty plea as no other component of the record demonstrates that Gonzales was informed of the elements of the crime before he pleaded guilty.

## C.     Sentence

Gonzales also contends that his unified sentence of ten years with five years fixed is excessive. If Gonzales is allowed to withdraw his guilty plea on remand, this issue will be moot. We address it, however, because of the possibility that his motion to withdraw the plea ultimately will be denied.

---

[6]     The record in *Stumpf* contained no direct evidence that the attorney's recitation of the elements of the offense to the defendant was incorrect. Instead, the Supreme Court rejected as "illusory" Stumpf's circumstantial argument that "his choice to plead guilty to the aggravated murder charge was so inconsistent with his denial of having shot the victim that he could only have pleaded guilty out of ignorance of the charge's specific intent requirement." *Bradshaw v. Stumpf*, 545 U.S. 175, 183-84 (2005).

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, we cannot say that the sentence is excessive.

## IV.

## CONCLUSION

The record of proceedings before the trial court does not demonstrate that Gonzales was informed of all of the elements of the charged offense before he pleaded guilty, and Gonzales submitted evidence that he was incorrectly advised in that regard by his attorney. Therefore, the district court erred in denying Gonzales' motion to withdraw his guilty plea without having made findings as to whether Gonzales was correctly informed of the elements by his counsel. Accordingly, we vacate the district court's order denying Gonzales' motion to withdraw his guilty plea and remand for reconsideration of that motion and the necessary fact finding by the district court. We find no merit in Gonzales' assertion that his sentence is excessive.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR.**